# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number __19-L-0230__

Amount Claimed __$50,000+__

| Joshua Buehlhorn | Phillips 66 Company, Travis Wilke<br>URS Company |
|---|---|
| Plaintiff(s) | vs   Defendant(s) |

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. __Grey Chatham__ Code _____
Address __107 West Main Street__
City __Belleville, IL 62220__ Phone __233-2200__
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME __Phillips 66 Company__
ADDRESS __801 ADLAI STEVENSON DRIVE__
CITY & STATE __Springfield, Illinois 62703__

## SUMMONS COPY

To the above named defendant(s)......

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20__ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.
This summons may not be served later than 30 days after its date.

WITNESS, _____ 20__

[Seal / signature: KAHALAH A. CLAY, Circuit Clerk]
3/29/2019
CARMEN GLENN

_____
Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant or other person)

EXHIBIT A

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JOSHUA BUEHLHORN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PHILLIPS 66 COMPANY, and TRAVIS ) <br> WILKE, URS CORPORATION. ) <br> ) <br> Defendants. ) | CASE NO. 19-L- |

COMPLAINT

## COUNT I - AGAINST PHILLIPS 66 COMPANY
## RETALIATORY DISCHARGE

Now comes the plaintiff, Joshua Buehlhorn, by and through his attorneys, Chatham and Baricevic, for Count I of his Complaint against the defendant, Phillips 66 Company states as follows:

1. That at all times mentioned herein the plaintiff, Joshua Buehlhorn was a resident of the city of Belleville, county of St. Clair and state of Illinois and was a member of Steamfitters Local 439 of East St. Louis, Illinois, and was engaged in a protected activity of working as a member of Steamfitters Local 439 of East St. Louis, Illinois at the plant of the defendant

2. That at all times mentioned herein, the defendant was the owner and operator of an oil refinery located in village of Woodriver, county of Madison and state of Illinois.

3. That at all times mentioned herein, the defendant was doing extensive business in the county of St. Clair as gas stations that are located throughout the county.

1.

4. That on or about August 22, 2012, the plaintiff, Joshua Buehlhorn was an employee of URS Corporation, who was a subcontractor on various of jobs throughout the Woodriver refinery.

5. That on or about said time and place the plaintiff while performing all the duties required of him while working at the facility of the defendant was involved in an on the job accident in which he was injured.

6. That as a direct result of the injuries that plaintiff sustained, he applied for benefits under the Illinois Worker's Compensation Act.

7. The Illinois Workers Compensation Act, 620 ILCS 305/4(h) makes it unlawful for an employer to discharge or in any other way discriminate against an employee because of the exercise of his/her rights under the Act.

8. That as a direct result of the plaintiff availing himself of his rights guaranteed to him under Illinois law his present and future employment at the facility of the defendant was terminated and he is forever barred from working at that plant.

9. That the actions of the defendant by and through their agents and employees were willful and wanton in that plaintiff was retaliated against for filing a worker's compensation claim after receiving an injury while engaged in a protected activity.

EXHIBIT A

10. That as a direct and proximate result of the unlawful barring of the plaintiff to work at the plant of the defendant, which was contrary to the provisions under the Illinois Worker's Compensation Act, the plaintiff suffered damages as set forth:

    a. That he has suffered a loss of income and benefits in the past and is likely to suffer a loss of income and benefits in the future;

    b. That he has suffered mental and physical anguish;

    c. That he has suffered pain in the past and is likely to suffer pain in the future.

WHEREFORE, the plaintiff prays judgment against the defendant, for such in excess of Fifty Thousand Dollars ($50,000.00) as will fairly compensate him and for costs of suit.

### COUNT II - AGAINST PHILLIPS 66 COMPANY
### PUNITIVE DAMAGES

Now comes the plaintiff, Joshua Buehlhorn, by and through his attorneys, Chatham and Baricevic, for Count II of his Complaint against the defendant, Phillips 66 Company states as follows:

11. That at all times mentioned herein the plaintiff, Joshua Buehlhorn was a resident of the city of Belleville, county of St. Clair and state of Illinois and was a member of Steamfitters Local 439 of East St. Louis, Illinois, and was engaged in a protected activity of working as a member of Steamfitters Local 439 of East St. Louis, Illinois at the plant of the defendant.

EXHIBIT A

12. That at all times mentioned herein, the defendant was the owner and operator of an oil refinery located in village of Woodriver, county of Madison and state of Illinois.

13. That at all times mentioned herein, the defendant was doing extensive business in the county of St. Clair as gas stations that are located throughout the county.

14. That on or about August 22, 2012, the plaintiff, Joshua Buehlhorn was an employee of URS Corporation, who was a subcontractor on various of jobs throughout the Woodriver refinery.

15. That on or about said time and place the plaintiff while performing all the duties required of him while working at the facility of the defendant was involved in an on the job accident in which he was injured.

16. That as a direct result of the injuries that plaintiff sustained, he applied for benefits under the Illinois Worker's Compensation Act.

17. The Illinois Workers Compensation Act, 620 ILCS 305/4(h) makes it unlawful for an employer to discharge or in any other way discriminate against an employee because of the exercise of his/her rights under the Act.

18. That as a direct result of the plaintiff availing himself of his rights guaranteed to him under Illinois law his present and future employment at the facility of the defendant

4

EXHIBIT A

was terminated and he is forever barred from working at that plant.

19. That the actions of the defendant by and through their agents and employees were willful and wanton in that plaintiff was retaliated against for filing a worker's compensation claim after receiving an injury while engaged in a protected activity.

20. That as a direct and proximate result of the unlawful barring of the plaintiff to work at the plant of the defendant, which was contrary to the provisions under the Illinois Worker's Compensation Act, the plaintiff suffered damages as set forth:

    a. That he has suffered a loss of income and benefits in the past and is likely to suffer a loss of income and benefits in the future;

    b. That he has suffered mental and physical anguish;

    c. That he has suffered pain in the past and is likely to suffer pain in the future.

21. With the full knowledge of the provision of the Illinois Worker's Compensation Act as cited, the defendant herein knowingly, willfully, and wantonly and with callus disregard of the welfare and rights of the plaintiff banned the plaintiff from ever working at the facility of the defendant as punishment for exercising his rights under the Illinois Worker's Compensation Act.

22. That as a direct and proximate result of the foregoing willful and wanton acts by the defendant the plaintiff has suffered damages as mentioned above.

WHEREFORE, the plaintiff prays judgment against the

EXHIBIT A

defendant, for such in excess of Fifty Thousand Dollars ($50,000.00) as sought in Count I plus punitive damages in excess of Fifty Thousand Dollars ($50,000.00) in Count II plus costs of this suit.

### COUNT III - AGAINST TRAVIS WILKE
### RETALIATORY DISCHARGE

Now comes the plaintiff, Joshua Buehlhorn, by and through his attorneys, Chatham and Baricevic, for Count III of his Complaint against the defendant, Travis Wilke states as follows:

23. That at all times mentioned herein the plaintiff, Joshua Buehlhorn was a resident of the city of Belleville, county of St. Clair and state of Illinois and was a member of Steamfitters Local 439 of East St. Louis, Illinois, and was engaged in a protected activity of working as a member of Steamfitters Local 439 of East St. Louis, Illinois at the plant of the defendant.

24. That at all times mentioned herein, the defendant, Travis Wilke was an employee of the defendant, Phillips 66, and was in a management position working for the defendant in the city of Woodriver, county of Madison, and state of Illinois.

25. That at all times mentioned herein, the defendant was doing extensive business in the county of St. Clair as gas stations that are located throughout the county.

26. That on or about August 22, 2012, the plaintiff, Joshua Buehlhorn was an employee of URS Corporation, who was a

6

EXHIBIT A

subcontractor on various of jobs throughout the Woodriver refinery.

27. That on or about said time and place the plaintiff filed a workers compensation case, pursuant to the laws of the State Of Illinois against URS Corporation as a result of an on the job injury.

28. That on or about said time and place defendants refused entry into their facility of the plaintiff, permanently barring him from working there because of a decision rendered by the arbitrator in the aforementioned worker's compensation case.

29. That as a direct result of the plaintiff availing himself of his rights guaranteed to him under Illinois law his present and future employment at the facility of the defendant was terminated and he is forever barred from working at that plant.

30. That the actions of the defendant by and through their agents and employees were willful and wanton in that plaintiff was retaliated against for filing a worker's compensation claim after receiving an injury while engaged in a protected activity.

WHEREFORE, the plaintiff prays judgment against the defendant, for such in excess of Fifty Thousand Dollars ($50,000.00) as will fairly compensate him and for costs of suit.

### COUNT IV - AGAINST TRAVIS WILKE
### PUNITIVE DAMAGES

Now comes the plaintiff, Joshua Buehlhorn, by and through his attorneys, Chatham and Baricevic, for Count IV of his

EXHIBIT A

Case 3:19-cv-00478-NJR-GCS Document 1-1 Filed 05/02/19 Page 9 of 20 Page ID #16

Complaint against the defendant, Travis Wilke states as follows:

31. That at all times mentioned herein the plaintiff, Joshua Buehlhorn was a resident of the city of Belleville, county of St. Clair and state of Illinois and was a member of Steamfitters Local 439 of East St. Louis, Illinois, and was engaged in a protected activity of working as a member of Steamfitters Local 439 of East St. Louis, Illinois at the plant of the defendant.

32. That at all times mentioned herein, the defendant, Travis Wilke was an employee of the defendant, Phillips 66, and was in a management position working for the defendant in the city of Woodriver, county of Madison, and state of Illinois. That at all times mentioned herein, the defendant was doing extensive business in the county of St. Clair as gas stations that are located throughout the county.

33. That on or about August 22, 2012, the plaintiff, Joshua Buehlhorn was an employee of URS Corporation, who was a subcontractor on various of jobs throughout the Woodriver refinery.

34. That on or about said time and place the plaintiff while performing all the duties required of him while working at the facility of the defendant was involved in an on the job accident in which he was injured.

8

EXHIBIT A

35. That as a direct result of the injuries that plaintiff sustained, he applied for benefits under the Illinois Worker's Compensation Act.

36. The Illinois Workers Compensation Act, 620 ILCS 305/4(h) makes it unlawful for an employer to discharge or in any other way discriminate against an employee because of the exercise of his/her rights under the Act.

37. That as a direct result of the plaintiff availing himself of his rights guaranteed to him under Illinois law his present and future employment at the facility of the defendant was terminated and he is forever barred from working at that plant.

38. That the actions of the defendant by and through their agents and employees were willful and wanton in that plaintiff was retaliated against for filing a worker's compensation claim after receiving an injury while engaged in a protected activity.

39. That as a direct and proximate result of the unlawful barring of the plaintiff to work at the plant of the defendant, which was contrary to the provisions under the Illinois Worker's Compensation Act, the plaintiff suffered damages as set forth:

    a. That he has suffered a loss of income and benefits in the past and is likely to suffer a loss of income and benefits in the future;

    b. That he has suffered mental and physical anguish;

    c. That he has suffered pain in the past and is likely to suffer pain in the future.

40. With the full knowledge of the provision of the

EXHIBIT A

Illinois Worker's Compensation Act as cited, the defendant herein knowingly, willfully, and wantonly and with callus disregard of the welfare and rights of the plaintiff banned the plaintiff from ever working at the facility of the defendant as punishment for exercising his rights under the Illinois Worker's Compensation Act.

41. That as a direct and proximate result of the foregoing willful and wanton acts by the defendant the plaintiff has suffered damages as mentioned above.

WHEREFORE, the plaintiff prays judgment against the defendant, for such in excess of Fifty Thousand Dollars ($50,000.00) as sought in Count I plus punitive damages in excess of Fifty Thousand Dollars ($50,000.00) in Count II plus costs of this suit.

## COUNT V – AGAINST URS CORPORATION
## RETALIATORY DISCHARGE

Now comes the plaintiff, Joshua Buehlhorn, by and through his attorneys, Chatham and Baricevic, for Count I of his Complaint against the defendant, URS Corporation states as follows:

42. That at all times mentioned herein the plaintiff, Joshua Buehlhorn was a resident of the city of Belleville, county of St. Clair and state of Illinois and was a member of Steamfitters Local 439 of East St. Louis, Illinois, and was engaged in a protected activity of working as a member of Steamfitters Local 439 of East St. Louis, Illinois at the plant of the defendant.

EXHIBIT A

43. That at all times mentioned herein, the defendant was a subcontractor at the Phillip's 66 refinery located in village of Woodriver, county of Madison and state of Illinois.

44. That at all times mentioned herein, the defendant was doing extensive business in the county of St. Clair as gas stations that are located throughout the county.

45. That on or about August 22, 2012, the plaintiff, Joshua Buehlhorn was an employee of URS Corporation, who was a subcontractor on various of jobs throughout the Woodriver refinery.

46. That on or about said time and place the plaintiff while performing all the duties required of him while working at the facility of the defendant was involved in an on the job accident in which he was injured.

47. That as a direct result of the injuries that plaintiff sustained, he applied for benefits under the Illinois Worker's Compensation Act.

48. The Illinois Workers Compensation Act, 620 ILCS 305/4(h) makes it unlawful for an employer to discharge or in any other way discriminate against an employee because of the exercise of his/her rights under the Act.

49. That as a direct result of the plaintiff availing himself of his rights guaranteed to him under Illinois law his present and future employment at the facility of the defendant

11

EXHIBIT A

was terminated and he is forever barred from working at that plant.

50. That the actions of the defendant by and through their agents and employees were willful and wanton in that plaintiff was retaliated against for filing a worker's compensation claim after receiving an injury while engaged in a protected activity.

51. That as a direct and proximate result of the unlawful barring of the plaintiff to work at the plant of the defendant, which was contrary to the provisions under the Illinois Worker's Compensation Act, the plaintiff suffered damages as set forth:

> a. That he has suffered a loss of income and benefits in the past and is likely to suffer a loss of income and benefits in the future;
>
> b. That he has suffered mental and physical anguish;
>
> c. That he has suffered pain in the past and is likely to suffer pain in the future.

WHEREFORE, the plaintiff prays judgment against the defendant, for such in excess of Fifty Thousand Dollars ($50,000.00) as will fairly compensate him and for costs of suit.

## COUNT VI - AGAINST URS CORPORATION
## PUNITIVE DAMAGES

Now comes the plaintiff, Joshua Buehlhorn, by and through his attorneys, Chatham and Baricevic, for Count II of his Complaint against the defendant, URS Corporation states as follows:

52. That at all times mentioned herein the plaintiff, Joshua Buehlhorn was a resident of the city of Belleville, county

EXHIBIT A

of St. Clair and state of Illinois and was a member of Steamfitters Local 439 of East St. Louis, Illinois, and was engaged in a protected activity of working as a member of Steamfitters Local 439 of East St. Louis, Illinois at the plant of the defendant.

53. That at all times mentioned herein, the defendant was the subcontractor at the Phillip's 66 refinery located in village of Woodriver, county of Madison and state of Illinois.

54. That at all times mentioned herein, the defendant was doing extensive business in the county of St. Clair as gas stations that are located throughout the county.

55. That on or about August 22, 2012, the plaintiff, Joshua Buehlhorn was an employee of URS Corporation, who was a subcontractor on various of jobs throughout the Woodriver refinery.

56. That on or about said time and place the plaintiff while performing all the duties required of him while working at the facility of the defendant was involved in an on the job accident in which he was injured.

57. That as a direct result of the injuries that plaintiff sustained, he applied for benefits under the Illinois Worker's Compensation Act.

58. The Illinois Workers Compensation Act, 620 ILCS 305/4(h) makes it unlawful for an employer to discharge or in any

13

EXHIBIT A

other way discriminate against an employee because of the exercise of his/her rights under the Act.

59. That as a direct result of the plaintiff availing himself of his rights guaranteed to him under Illinois law his present and future employment at the facility of the defendant was terminated and he is forever barred from working at that plant.

60. That the actions of the defendant by and through their agents and employees were willful and wanton in that plaintiff was retaliated against for filing a worker's compensation claim after receiving an injury while engaged in a protected activity.

61. That as a direct and proximate result of the unlawful barring of the plaintiff to work at the plant of the defendant, which was contrary to the provisions under the Illinois Worker's Compensation Act, the plaintiff suffered damages as set forth:

    a. That he has suffered a loss of income and benefits in the past and is likely to suffer a loss of income and benefits in the future;

    b. That he has suffered mental and physical anguish;

    c. That he has suffered pain in the past and is likely to suffer pain in the future.

62. With the full knowledge of the provision of the Illinois Worker's Compensation Act as cited, the defendant herein knowingly, willfully, and wantonly and with callus disregard of the welfare and rights of the plaintiff banned the plaintiff from ever working at the facility of the defendant as punishment for exercising his rights under the Illinois Worker's Compensation

EXHIBIT A

Act.

63. That as a direct and proximate result of the foregoing willful and wanton acts by the defendant the plaintiff has suffered damages as mentioned above.

WHEREFORE, the plaintiff prays judgment against the defendant, for such in excess of Fifty Thousand Dollars ($50,000.00) as sought in Count I plus punitive damages in excess of Fifty Thousand Dollars ($50,000.00) in Count II plus costs of this suit.

/S/ GREY CHATHAM
GREY CHATHAM - 03126021
CHATHAM AND BARICEVIC
Attorney at Law
107 West Main Street
Belleville, IL 62226
(618) 233-2200
gbob22@hotmail.com

15

EXHIBIT A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0230
St. Clair County
3/25/2019 2:55 PM
4428063

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

JOSHUA BUEHLHORN, )
)
    Plaintiffs, )
)
vs. ) CASE NO. 19-L-0230
)
PHILLIPS 66 COMPANY, and TRAVIS )
WILKE, URS CORPORATION. )
)
    Defendants. )

### SUPREME COURT RULE 222(b) AFFIDAVIT

STATE OF ILLINOIS )
                  ) SS
COUNTY OF ST. CLAIR )

Comes now the plaintiff, **Joshua Buehlhorn**, by and through his attorney, **GREY CHATHAM**, and pursuant to Supreme Court Rule 222(b) Affidavit, states that the damages sought by plaintiff exceed $50,000.

/S/ GREY CHATHAM
GREY CHATHAM - 03126021
CHATHAM AND BARICEVIC
Attorney at Law
107 West Main Street
Belleville, IL 62226
(618) 233-2200
gbob22@hotmail.com

SUBSCRIBED AND SWORN TO before me this 20th day of March, 2019.

_____
NOTARY PUBLIC

CLAIRE CHATHAM
Official Seal
Notary Public · State of Illinois
My Commission Expires Jun 29, 2020

EXHIBIT A

```
                    IN THE CIRCUIT COURT
                  TWENTIETH JUDICIAL CIRCUIT
                  ST. CLAIR COUNTY, ILLINOIS

JOSHUA BUEHLHORN,                    )
                                     )
     Plaintiffs,                     )
                                     )
vs.                                  )   CASE NO. 19-L-0230
                                     )
PHILLIPS 66 COMPANY, and TRAVIS      )
WILKE, URS CORPORATION.              )
                                     )
     Defendants.                     )
```

### Motion to Voluntarily Dismiss Defendant Travis Wilke Pursuant to 734 ILS 5/2-1009

Comes now the plaintiff Joshua Buehlhorn by and through his attorney Grey Chatham of Chatham & Baricevic, for his motion states as follows:

1. That the above cause was filed on March 25, 2019.

2. That Travis Wilke was named as a defendant in the above case.

3. That plaintiff would like to remove Travis Wilke as a defendant in this cause.

4. That no settlement or awards have been affected.

5. That there no substantive motions pending

6. That it would be in the best interest of justice if Plaintiff were allowed to voluntarily dismiss the defendant Travis Wilke with leave to refile within one year.

Wherefore Plaintiff prays that he be allowed to voluntarily dismiss defendant Travis Wilke pursuant to 734 ILS 5/2-1009 with leave to refile within one year.

EXHIBIT A

```
                              /S/ GREY CHATHAM
                              GREY CHATHAM - 03126021
                              CHATHAM AND BARICEVIC
                              Attorney at Law
                              107 West Main Street, Suite 1
                              Belleville, IL  62226
                              (618) 233-2200
```

**CERTIFICATE OF SERVICE**

     The undersigned, attorney for plaintiff, hereby certifies that he served a copy of his Motion for Voluntarily Dismiss Defendant Travis Wilke Pursuant to 734 ILS 5/2-1009 by electronic mail on the 30th day of April, 2019 to:

Ian Cooper
Tueth Keeney Cooper Mohan Jackstadt P.C.
134 N. Meramec Ave., Suite 600
St. Louis, MO 63105
icooper@tuethkeeney.com

```
                              /S/ GREY CHATHAM
                              GREY CHATHAM - 03126021
                              Attorney at Law
                              107 W. Main St.
                              Belleville, IL  62220
                              (618) 233-2200
                              (618) 233-1589
                              Gbob22@gmail.com
```

2

EXHIBIT A

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

FILED
ST. CLAIR COUNTY
MAY 01 2019
CIRCUIT CLERK

| JOSHUA BUEHLHORN, | ) |
|---|---|
| Plaintiffs, | ) |
| vs. | ) CASE NO. 19-L-0230 |
| PHILLIPS 66 COMPANY, and TRAVIS WILKE, URS CORPORATION. | ) |
| Defendants. | ) |

## ORDER

Upon motion of Joshua Buehlhorn, and without any objections from any defendants in this suit, Plaintiff's Motion to Voluntarily Dismiss Defendant Travis Wilke Pursuant to 734 ILCS 5/2-1009 is hereby GRANTED with leave to refile within one year.

JUDGE

DATE 5/1/19

EXHIBIT A